UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRASEUTH VILAYPHONH, ) | |
| ) | |
| Petitioner, ) | CASE NO.  C05-337-TSZ-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| JAMES SPAULDING, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Praseuth Vilayphonh is a state prisoner currently incarcerated at the Stafford Creek Corrections Center in Aberdeen, Washington.  He seeks relief under 28 U.S.C. § 2254 from his June, 2002 conviction and sentence in Snohomish County Superior Court for two counts of first degree robbery and one count of attempting to elude a pursing police vehicle, with use of a deadly weapon on all counts.  After careful consideration of the record, I conclude that no evidentiary hearing is required, and that this Court should DENY petitioner's § 2254 habeas petition and dismiss this action with prejudice.

REPORT AND RECOMMENDATION
Page - 1

## II.  FACTUAL AND PROCEDURAL HISTORY

The Washington Court of Appeals summarized the facts related to petitioner's conviction as follows:

> The night of April 15, 2001, two men forced their way into the apartment of Sy Phoutharath, Thongxune Vongnakhone, and Kom Vongnakhone and robbed them at gunpoint. They fled the apartment in a white Acura, which the victims recognized as one that had followed them to and from the store earlier that night. They called 911 to report the robbery.
>
> Sheriff's Deputy Todd Fullerton was on patrol nearby when he heard a radio dispatch reporting the robbery. A few minutes later, Fullerton spotted a white Acura matching the description of the suspect vehicle in the vicinity of the robbery, driven by Praseuth Vilayphonh and occupied by Somboon Sprimeuangsam. When Fullerton activated his overhead lights to stop the car, Vilayphonh sped off, leading him on a high speed chase. Vilayphonh eventually stopped in a strip mall parking lot and ran, but was subdued after a struggle with officers. On the floor of the Acura, officers found a black knit muffler with eyeholes cut out, several gloves, four one dollar bills, as well as Phoutharath's wallet and identification.[1] A gun was later found in a nearby flower bed.
>
> The State charged Vilayphonh with two counts of first degree robbery and attempting to elude a pursuing police vehicle, all with firearm enhancement allegations. Before trial, the court ruled that if Vilayphonh testified, it would admit his prior robbery and theft convictions to impeach him. The court declined to admit the convictions as unnamed felonies.
>
> At trial, Vilayphonh testified that he and Somboon where [sic] gambling at a nearby casino the night of the robbery. Around 11 p.m., Somboon left in Vilayphonh's car and went to a friend's house to borrow some gambling money. He returned a short time later, but without any money. The two then left the casino together in Vilayphonh's car. Vilayphonh had been drinking, had a suspended license, and was carrying a gun, which he knew was illegal because of his prior robbery and theft convictions. When he saw the police car, Vilayphonh tried to flee, fearing he would go back to jail or be deported. He threw his gun into a flower bed just before he was caught.

Dkt. #15, Ex. 2 at 1-3.

---

[1] Phoutharath later testified that he had three or four dollars in his wallet that night.

REPORT AND RECOMMENDATION
Page - 2

The jury found Petitioner guilty as charged, and he was sentenced to 264 months confinement. Dkt. #15, Ex. 1. Petitioner appealed his conviction to the Washington Court of Appeals, Division I ("Court of Appeals"), arguing that the trial court erred in refusing to sanitize his prior convictions by admitting them as unnamed felonies and that he was denied a fair trial by the court's failure to sanitize his prior convictions. *Id.* at Ex. 3. Additionally, in a statement of additional grounds for review, Petitioner argued *pro se* that the evidence was insufficient to support his conviction, and that his trial counsel was ineffective for: failing to move for dismissal on the basis of insufficient evidence, failing to move for a CrR 3.6 suppression hearing regarding the firearm, and failing to argue at sentencing that the firearm enhancements should run concurrently. *Id.* at Ex. 5. The Court of Appeals affirmed his conviction in an unpublished opinion issued on August 11, 2003. *Id.* at Ex. 2.

Petitioner sought discretionary review in the Washington State Supreme Court, arguing that the issues presented involve violations of his 5th, 6th, and 14th Amendment rights under the United States Constitution and Article 1 §§ 3, 22, and 29 of the Washington State Constitution. Dkt. #15, Ex. 6. The state supreme court denied review without comment. *Id.* at Ex. 8. The Court of Appeals issued its mandate on April 29, 2004. *Id.* at Ex. 9.

On April 14, 2005, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. #10. Respondent filed an answer to the petition together with relevant portions of the state court record, and Petitioner filed a reply. The briefing is now complete and this matter is ripe for review.

//

//

REPORT AND RECOMMENDATION
Page - 3

### III.  GROUNDS FOR REVIEW

Petitioner presents a single ground for relief in his federal habeas corpus petition:

<u>Ground one</u>: The trial court abused its discretion in failing to properly sanitize Vilayphonh's prior robbery convictions.

### IV.  DISCUSSION

Respondent argues that Petitioner's federal habeas corpus claim is unexhausted, procedurally barred, and not cognizable in this habeas petition.  Respondent, therefore, requests that the Court dismiss the habeas petition with prejudice.

#### A.  <u>Exhaustion</u>

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004) (internal quotation marks and citations omitted).  To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim *in each appropriate state court (including a state supreme court with powers of discretionary review)*, thereby alerting that court to the federal nature of the claim. *Id.*  (citing *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d (1995)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (emphasis added).  If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

//

//

REPORT AND RECOMMENDATION
Page - 4

Here, Petitioner argues that he has exhausted his federal habeas claim in state court because he unequivocally asserted the claim as a violation of his Fifth and Fourteenth Amendment rights under federal law to the highest state court, the Washington Supreme Court. However, Respondent contends that Petitioner's presentation of his federal habeas claim to the state supreme court was insufficient for full and fair exhaustion because Petitioner failed to present the claim as a federal constitutional claim to the Washington Court of Appeals. Thus, this case raises the issue of whether a federal habeas petitioner has fairly presented, and thereby exhausted, a federal claim by having raised it for the first and only time in a discretionary petition for review to the Washington State Supreme Court.

This issue was addressed in *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004). In *Casey*, the Ninth Circuit notes that the Supreme Court's decision in *Baldwin* suggests that to be fairly presented in the state courts, a claim must have been raised throughout the state appeals process, not just at the tail end in a prayer for discretionary review. *Casey*, 386 F.3d at 916. The court in *Casey* also acknowledged that the leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the *entire direct appellate process* of the state, or (2) throughout one entire judicial post conviction process available in the state." *Id.* (citing Lieberman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998)) (emphasis added). "Whether a claim is exhausted through a direct appellate procedure, a postconviction procedure, or both, the claim should be raised at all appellate stages afforded under state law *as of right* by that procedure." *Id.* (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)).

REPORT AND RECOMMENDATION
Page - 5

In the present case, it is undisputed that Petitioner did not present his habeas claim as a federal constitutional claim to the Washington Court of Appeals. Indeed, a review of the brief that Petitioner's appellate counsel submitted to the intermediate state appellate court reveals that it cited only state law cases and evidentiary rules in arguing that the trial court erred in failing to sanitize Petitioner's prior convictions. *See* Dkt. # 15, Ex. 3. Thus, the record confirms that Petitioner referred neither to provisions of federal law nor to the decisions of federal courts in presenting his claim to the Washington Court of Appeals. Accordingly, I conclude that Petitioner's federal habeas ground has not been properly exhausted because it was not fairly presented to the state court of appeals.

B.   Procedural Bar

Respondent also argues that Petitioner's unexhausted federal habeas corpus claim is now procedurally barred under Washington law. If an unexhausted claim is now barred by a mandatory rule of state procedure, the exhaustion requirement is satisfied, but the claim is procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

In the present case, Petitioner is now prevented from returning to state court to seek relief on his federal habeas ground. The mandate for Petitioner's direct appeal of his conviction issued on April 29, 2004. Dkt. #15, Ex. 19. Under Washington state law, collateral attacks on a judgment and sentence must be filed within one year after the judgment becomes final. RCW 10.73.090(1). The statute further provides that a judgment becomes final on the last of several dates, which includes the date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction. RCW 10.73.090(3)(b). Under this rule, Petitioner's federal habeas claim, //

REPORT AND RECOMMENDATION
Page - 6

which was not properly exhausted before issuance of the mandate is now procedurally barred.

A petitioner who has committed a procedural default may excuse the default and obtain federal review of his constitutional claims only by showing cause and prejudice, or by demonstrating that the failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Cause may be demonstrated by showing that "some objective factor external to the defense" prevented the petitioner from complying with state procedural rules relating to presentation of his or her claims. *See e.g., McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). Once petitioner has demonstrated cause, he or she must show actual prejudice resulting from the failure to comply. To show "prejudice," the petitioner "must shoulder the burden of showing not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

This Court finds that petitioner has neither shown cause and prejudice, nor that a fundamental miscarriage of justice would be done if his procedurally barred habeas claim is not considered by the court. Petitioner has not given any reason why his habeas claim was not presented as a federal claim in the state court of appeals, and he has not shown that he was actually prejudiced in the trial proceedings. Therefore, I conclude that Petitioner fails to demonstrate that the single ground presented in his habeas petition is eligible for federal habeas review.

//

//

REPORT AND RECOMMENDATION
Page - 7

## V.  CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition be denied and this action be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 18th day of January, 2006.

Monica J. Benton
United States Magistrate Judge